IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN KUSINSKI, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 17 CV 3618 |
| MACNEIL AUTOMOTIVE PRODUCTS LIMITED, d/b/a WEATHERTECH | ) ) ) ) ) ) | Hon. Charles P. Kocoras |
| Defendant. | ) | |

## ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT

### Nature of the Action

1. This civil action is brought by the above-named plaintiff who brings this class action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. Pro 23.

**ANSWER:** Defendant acknowledges that Plaintiff seeks to bring this action as a class and collective action. Defendants deny each and every remaining allegation.

### Parties

2. Plaintiff worked as a warehouse worker for WeatherTech.

**ANSWER:** Denied.

3. Defendant WeatherTech is an Illinois corporation, headquartered at 1 MacNeil Ct. Bolingbrook, IL 60440.

**ANSWER:** Admitted.

### Jurisdiction and Venue

4. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

**ANSWER:** This paragraph contains legal conclusions to which no response is required. Defendant further denies that subject matter jurisdiction is conferred by 28 USC § 1337.

5. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

**ANSWER:** Admitted.

## Factual Allegations

6. Martin worked for WeatherTech within the past three years.

**ANSWER:** Admitted.

7. WeatherTech did not pay Martin, and similarly situated employees, proper overtime wages of one and one-half time their regular rate of pay for all hours worked above forty hours in a work week.

**ANSWER:** Denied.

8. By way of example, WeatherTech did not pay Martin one and one-half times his full regular rate of pay for all hours worked in excess of forty in an individual work week for the pay periods of: (a) 4/5/15-4/18/15 (b) 10/4/15-10/17/15 (c) 8/21/16-9/3/16 (d) 12/11/16-12/24/16, and (e) 10/16/16-10/29/16. While certain overtime hours were paid, the Defendant failed to pay him for all hours worked over forty in a work week at one and one-half times his regular rate of pay.

**ANSWER:** Denied.

9. Plaintiff performed his job responsibilities for Defendant in the State of Illinois.

**ANSWER:** Admitted.

10. Other similarly situated employees have been employed by the Defendant and have not been paid the required overtime wages at one and one-half times their regular rate of pay.

**ANSWER:** Denied.

11. The named Plaintiff, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

**ANSWER:** Admitted as to Plaintiff. Defendant has no information and belief as to alleged "similarly situated employees" and therefore denies the same.

## CLASS AND COLLECTIVE ALLEGATIONS

12. Plaintiff seeks to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of himself and all other non-exempt employees who were not fully compensated for overtime hours worked.

**ANSWER:** Defendant acknowledges that Plaintiff seeks to bring this action as a class action and a collective action. Defendant denies this action is appropriately maintained as a class action, as an opt-in representative action or any other type of action or that there are others similarly situated to Plaintiff, or that it violated any federal or state wage and hour laws. Defendant denies the remaining allegations of this paragraph.

13. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid their overtime hours at one and one-half times their regular rate of pay.

**ANSWER:** Denied.

14. Plaintiff and asserted members of the Collective and Class are similarly situated because, inter alia, they all were not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendant's unlawful practices and policies.

**ANSWER:** Denied.

15. Defendant has encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

**ANSWER:** Denied.

16. Defendant has known that Plaintiff and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff and the Class and Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

**ANSWER:** Denied.

17. There are estimated to be hundreds of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

**ANSWER:**   Denied.

18.   The records, if any, should be in the custody or control of Defendant concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

**ANSWER:**   Defendant admits that it has payroll records.  Defendant denies any remaining allegations of this paragraph.

19.   Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation.  Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

**ANSWER:**   Denied.

## COUNT I - FAIR LABOR STANDARDS ACT
### (Plaintiff Individually and on Behalf of All Similarly Situated Employees Pursuant to 29 U.S.C. §216)

20.   The Plaintiff re-alleges and incorporates by reference paragraphs 1-20.

**ANSWER:**   Defendant realleges and incorporates by reference its Answer to paragraphs 1-19 as if fully set forth herein.

21.   Under the FLSA, Plaintiff and the Collective were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

**ANSWER:**   This paragraph states a legal conclusion to which no answer is required.  Defendant admits that the overtime rate is usually calculated as one and one half-times a regular rate of pay.  Defendant denies any remaining allegations of this paragraph.

22.   The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

**ANSWER:**   See Response to Paragraph 21.

23.   Defendant failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

**ANSWER:**   Denied.  Also, there is no Collective.

-4-

24. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

**ANSWER:** Denied.

25. Due to Defendant's violations of the FLSA, the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

**ANSWER:** Denied.

### COUNT II - ILLINOIS MINIMUM WAGE LAW
### (Plaintiff Individually and on Behalf of All
### Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)

26. Plaintiff hereby alleges and incorporates Paragraph 1 through 26 of this Complaint, as is fully set forth herein.

**ANSWER:** Defendant realleges and incorporates by reference its Answer to paragraphs 1-25 as if fully set forth herein.

*27.* This count arises from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

**ANSWER:** Denied.

28. Under the IMWL, Defendant was and remains obligated to compensate Plaintiff, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

**ANSWER:** Admitted as to Plaintiff. Denied as there are no other similarly situated employees. Any remaining allegations of this paragraph are denied.

29. Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times his regular rate for such overtime work.

**ANSWER:** Denied.

30. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

**ANSWER:** Denied.

31. As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

**ANSWER:** Denied.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that, pursuant to law, belongs to Plaintiff. Defendant reserves the right to amend its answer and to assert any additional defenses and affirmative defenses as may become available or apparent during the course of this litigation.

## AFFIRMATIVE DEFENSE NO. 1

This case may not be maintained as a collective action because Plaintiff cannot establish the existence of each of the requirements under 29 U.S.C. § 216(b) and other relevant legal authority. Defendant specifically maintains that Plaintiff's pleadings fail to meet the requirements necessary to justify a collective action or issuances of notice to putative collective action members.

## AFFIRMATIVE DEFENSE NO. 2

This case may not be maintained as a class action because Plaintiff cannot establish the existence of each of the requirements under Federal Rule of Civil Procedure 23 and other relevant legal authority. Defendant specifically maintains that Plaintiff's pleadings fail to meet the requirements necessary to justify a class action.

## AFFIRMATIVE DEFENSE NO. 3

Any actions by Defendant with respect to Plaintiff and any other purported similarly situated employees and/or putative collective action members and/or class members, were taken in good faith with reasonable grounds to believe such conduct comported with applicable laws

and/or interpretations of same.

## AFFIRMATIVE DEFENSE NO. 4

Some or all of Plaintiff's and/or the putative collective action members' and/or class members' claims are barred in whole or in part by the applicable statute of limitations.

## AFFIRMATIVE DEFENSE NO. 5

Plaintiff, and the putative class and collective action members he purports to represent, are barred from relief to the extent they failed to mitigate their damages.

## AFFIRMATIVE DEFENSE NO. 6

Part or all of any time for which Plaintiff alleges he and/or purportedly similarly situated employees should be compensated is properly deemed preliminary or postliminary time pursuant to 29 U.S.C. § 254(a), and is therefore not compensable.

## AFFIRMATIVE DEFENSE NO. 7

Plaintiff's claims and claims of the putative class and collective action are barred to the extent they were exempt from the overtime requirements of federal law.

## AFFIRMATIVE DEFENSE NO. 8

Plaintiff's claims and claims of the putative class and collective action class are barred, in whole or in part, by the *de minimis* doctrine. If, in fact, Defendant failed to pay any non-exempt employee for work in excess of forty hours in a workweek, the uncompensated time is *de minimis* and is therefore not recoverable.

## AFFIRMATIVE DEFENSE NO. 9

Plaintiff's claims, and claims of the putative collective action class, for liquidated damages are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA and/or the IMWL.

### AFFIRMATIVE DEFENSE NO. 10

The Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff failed to report or give notice of the allegations upon which he bases his Complaint to his employer and/or failed to avail themselves of their employer's internal procedures, means, or methods relating to violations, grievances, complaints, or disputes.

### AFFIRMATIVE DEFENSE NO. 11

Subject to proof through discovery, some or all of Plaintiff's and/or the putative collective action members' and/or class members' claims are barred by the doctrines of waiver, unclean hands, unjust enrichment and/or laches, or barred in whole or in part because such claims have been discharged and/or abandoned.

### AFFIRMATIVE DEFENSE NO. 12

Subject to proof through discovery, some or all of Plaintiff's and/or the putative collective action members' and/or class members' claims are barred by the doctrines of estoppel, res judicata, collateral estoppel, quasi-estoppel, and/or equitable estoppel.

### AFFIRMATIVE DEFENSE NO. 13

Defendant's actions with respect to Plaintiff and/or any other allegedly similarly situated individuals were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, pursuant to 29 U.S.C. § 259.

### AFFIRMATIVE DEFENSE NO. 14

Defendant's actions with respect to Plaintiff and/or any other allegedly similarly situated individuals were taken in good faith with reasonable grounds to believe such conduct comported with the FLSA or interpretations of the FLSA pursuant to 29 U.S.C. § 260.

**AFFIRMATIVE DEFENSE NO. 15**

Defendant's actions with respect to Plaintiff and/or any other putative IMWL class members were taken in good faith with reasonable grounds to believe such conduct comported with the IMWL or interpretations of the IMWL.

**AFFIRMATIVE DEFENSE NO. 16**

Plaintiff and any member of the putative FLSA collective are not entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because Defendant did not willfully, knowingly, or intentionally fail to comply with the overtime provisions of the FLSA.

**AFFIRMATIVE DEFENSE NO. 17**

Even if Plaintiff and the persons Plaintiff purports to represent prevail, their damage claims, including their claims for liquidated damages, penalties, and pre- and post-judgment interest, are barred to the extent that the forms of relief are duplicative of each other.

**AFFIRMATIVE DEFENSE NO. 18**

Subject to proof through discovery, Plaintiff and/or some or all of the putative collective action members and/or class members are not entitled to some or all of the relief sought under the doctrine of consent or because they otherwise fall within a classification of individuals who may not recover under the causes of action alleged.

**AFFIRMATIVE DEFENSE NO. 19**

The Complaint, and each and every purported claim for relief alleged therein, is barred because any recovery from Defendant would result in the unjust enrichment of Plaintiff and the persons Plaintiffs purport to represent.

**AFFIRMATIVE DEFENSE NO. 20**

Plaintiff's Complaint must be dismissed to the extent that it fails to state a claim(s) upon which relief may be granted.

**AFFIRMATIVE DEFENSE NO. 21**

Plaintiff and/or some or all of the putative collective action members and/or class members are precluded from recovery to the extent that they have already been compensated for hours worked and any premium payments made.

**AFFIRMATIVE DEFENSE NO. 22**

At all material times, Defendant paid Plaintiff and/or some or all of the putative collective action members and/or class members all sums of money to which they were entitled as employees, and such claim(s) fail because Defendant has paid all amounts due and owing.

**AFFIRMATIVE DEFENSE NO. 23**

Plaintiff's and/or some or all of the putative collective action members and/or class members claim(s) must fail as Defendant properly treated and compensated them under the FLSA and IMWL.

**AFFIRMATIVE DEFENSE NO. 24**

There is no proper class representative, the entire complaint for class action relief must be dismissed.

**AFFIRMATIVE DEFENSE NO. 25**

Plaintiff's claims are barred to the extent Plaintiff lacks standing to bring suit.

**AFFIRMATIVE DEFENSE NO. 26**

Any claim for additional compensation by Plaintiff and/or some or all of the putative collective action members and/or class members must be reduced by compensation already paid

to Plaintiff and/or some or all of the putative collective action members and/or class members for periods not compensable under the FLSA or IMWL.

## ADDITIONAL RESPONSE

Defendant currently has insufficient information upon which to form a belief as to whether there may exist additional, as yet unstated, defenses beyond those listed above. Defendant reserves the right to assert additional defenses in the event that discovery indicates additional defenses are appropriate.

WHEREFORE, Defendant denies that Plaintiff and the class of persons Plaintiff purports to represent are entitled to any relief. Defendant prays:

1. That Plaintiff's Complaint be dismissed in its entirety with prejudice;
2. That Plaintiff take nothing by reason thereof;
3. That judgment be entered in favor of Defendant;
4. That Defendant be awarded its costs and attorneys' fees; and
5. For such other and further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Defendant hereby demands a jury trial on all issues so triable.

Respectfully submitted,

MACNEIL AUTOMOTIVE PRODUCTS LIMITED

By: /s/Robert S. Grabemann
One of Its Attorneys

Robert S. Grabemann
rgrabemann@daspinaument.com
Timothy M. Schaum
tschaum@daspinaument.com
Daspin & Aument LLP
300 S. Wacker Drive
Suite 2200
Chicago, IL 60606
312-258-1600

## **CERTIFICATE OF SERVICE**

On July 11, 2017, the undersigned caused the foregoing document to be filed electronically with the Northern District of Illinois, and served upon all parties registered to receive notice via the Court's CM/ECF system.

/s/ Robert S. Grabemann