IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN KUSINSKI, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 1:17-cv-03618 |
| MACNEIL AUTOMOTIVE PRODUCTS LIMITED, d/b/a WEATHERTECH | ) ) ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff Martin Kusinski for his Motion to Strike Defendant's Affirmative Defenses states as follows:

**Facts**

Plaintiff filed a Class and Collective Action Complaint against MacNeil Automotive Products Limited ("Weathertech") on May 12, 2017 alleging Defendant did not pay Plaintiff and similarly situated employees proper overtime wages.

Weathertech filed its Answer on July 11, 2017 and asserted 26 affirmative defenses, as well as reserving the right to assert additional affirmative defenses. However, Weathertech does not allege a single fact supporting any of the numerous affirmative defenses. The affirmative defenses alleged are:

1. Failure to meet 29 U.S.C. § 216(b).

2. Failure to meet FRCP 23 and "other legal authority".

3. Good Faith.

4. Statute of Limitations.

5. Mitigation of Damages.

6. Preliminary and Postliminary time.

7. Exemption.

8. De Minimis.

9. "Statutory exclusions, exceptions, setoffs, or credits"

10. "Plaintiff failed to give notice [to Defendant]… and/or failed to avail themselves of [Defendant's] internal procedures, means, or methods".

11. Waiver, unclean hands, unjust enrichment, and/or laches, discharge, and/or abandonment.

12. Doctrine of estoppel, res judicata, collateral estoppel, quasi-estoppel, and/or equitable estoppel.

13. Good Faith in conformity.

14. Good Faith with reasonable grounds to believe conduct comported with FLSA.

15. Good Faith with reasonable grounds to believe conduct comported with IMWL.

16. Defendant did not act willfully, knowingly, or intentionally.

17. Damages, liquidated damages, penalties, and interest are duplicative.

18. Doctrine of Consent or "because they otherwise fall within a classification of individuals who may not recover".

19. Unjust Enrichment

20. Fail to state a Claim.

21. Plaintiffs have already been compensated for hours worked and premium payments

22. Defendant has paid all sums.

23. Defendant treated Plaintiffs properly.

24. No proper class representative.

25. Lacks standing.

26. Compensation must be reduced and/or Plaintiffs not compensable.

27. Reserves the right to assert additional defenses.

### Argument

**1. Defendant's Affirmative Defenses Should Be Stricken as Insufficient Pursuant to Federal Rule of Civil Procedure 12(f).**

Pursuant to Federal Rule of Civil Procedure 12(f), the Court can strike "an insufficient defense . . . ." Fed.R.Civ.P. 12(f). Affirmative defenses, as pleadings, are subject to all pleading requirements of the Federal Rules of Civil Procedure and must therefore set forth a short and plain statement of the defense. Fed.R.Civ.P. 8(a); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989)("Affirmative defenses are pleadings and, therefore, are *subject to all pleading requirements of the Federal Rules of Civil Procedure*.") [emphasis added].

Although motions to strike are typically not favored, where they "remove unnecessary clutter from the case, they serve to expedite, not delay" the resolution of a case. *Id.* Affirmative defenses based on "bare bones conclusory allegations" are properly stricken pursuant to Rule 12(f). *Id.* at 1295, *Visco Fin. Servs., Ltd. v. Siegel,* No. 08-CV-4029, 2008 WL 4900530, at *5 (N.D. Ill. Nov. 13, 2008)(striking all 14 of Defendant's affirmative defenses, for failing to comply with the "minimal specifics" of Fed.R.Civ.P. 8(a), including conclusory allegations which do not provide fair notice to Plaintiff of the defense claimed).

Here, Defendant assert numerous affirmative defenses, but fails to explain how any of them actually apply to the Plaintiff, Defendant, or the causes of action. The list affirmative defenses above has practically the same effect as what was filed. Each Affirmative defense is simply a one sentence recital of legal theory with no explanation or facts that connect them to this case. As such, they are merely "bare bones conclusory allegations" that should be stricken.

Simply naming a legal theory without indicating how it is connected to the case at hand is not sufficient to withstand a motion to strike because an affirmative defense must include allegations relating to "all material elements of the claim asserted." *Renalds v. S.R.G. Rest. Grp.,* 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000). *See also, Surface Shields, Inc. v. Poly-Tak Prot. Sys.*, 213 F.R.D. 307 (N.D. Ill. 2003). The standard for pleadings affirmative defenses is heightened in light of the Supreme Court's holdings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *See OSF Healthcare Sys. v. Banno,* No. 08-CV-1096, 2010 WL 431963, at *2 (C.D. Ill. Jan. 29, 2010)(striking affirmative defense for failure to plead sufficient facts under *Iqbal* and *Twombly*); *FDIC v. Vann,* No. 11 C 3491, 2013 WL 704478 (N.D. Ill. Jan. 23, 2013).

Here, for example, in Affirmative Defense 7 Defendant merely pleads, "Plaintiff's claims and clams of the putative class and collective are barred to the extent they were exempt from the overtime requirements of federal law." That's it. Defendant doesn't explain what these exemptions are or how they apply to the Plaintiff and Class. For Affirmative Defense 5, Defendant fails to explain how Plaintiffs had a duty to mitigate and how or why they failed to do so. As another example, Affirmative Defense 24:"Plaintiff's claims are barred to the extent Plaintiff lacks standing to bring suit." However, Defendant doesn't explain how or why standing is lacking, nor does he plead any facts whatsoever that support this defense. For Affirmative

Defense 25, Defendant pleads, "There is no proper representative, the entire complaint for class action relief must be dismissed." Again, that's it. He fails to explain how or why the Plaintiff is not a proper class representative. This is true for each and every affirmative defense plead. Each is woefully insufficient and completely devoid of any facts or explanation as to why they should be applied to this case.

Under the standards set forth above, each affirmative defense must be stricken. See e.g., *Heller,* 883 F.2d at 1294; *see also, Visco Fin. Servs.,* 2008 WL 4900530 at *5 (striking "bare bones" affirmative defenses because they "merely states the equitable doctrine employed and fails to apprise [Plaintiff] of its legal significance"); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 905-906 (N.D. Ill. 2006)(striking affirmative defense that is "nothing more than a recitation" of a legal standard)[1].

Additionally, Affirmative Defense 11 must be stricken because no equitable claims are alleged. "The unclean hands doctrine bars only equitable remedies and does not affect legal rights." *Zahl v. Krupa,* 365 Ill.App.3d 653, 850 N.E.2d 304(Ill.App.Ct. 2006); *American National Bank & Trust. Co of Chicago v. Levy*, 83 Ill.App.3d 933, 936, 39 Ill.Dec. 355, 404 N.E.2d 946(1980).

### Prayer for Relief

Wherefore, Plaintiff respectfully request this Court to strike the Affirmative Defenses and for such other relief as this Court deems appropriate.

---

[1] *But see Ivanov v. Nyhus,* No. 14-CV-382-JDP, 2014 WL 5307936 (W.D. Wis. Oct. 16, 2014)(noting that courts apply different standards to pleading requirements for affirmative defenses but noting that it was unnecessary to resolve that issue because there were no facts alleged in support of defenses).

Dated: July 27, 2017                    Respectfully Submitted,
                                        **MARTIN KUSINKSI**


                                        By: /s/ John Kunze
                                        One of the Attorneys for Plaintiff

David Fish
Kim Hilton
John Kunze
The Fish Law Firm, P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
630.355.7590